UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENIS SCHEXNAYDER, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-775** |
| **HUNTINGTON INGALLS INC. ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 33). For the following reasons, the Motion is **DENIED.**

## BACKGROUND

Plaintiff Denis Schexnayder filed suit in Orleans Parish Civil District Court on May 22, 2019 against various defendants, including Huntington Ingalls Incorporated (hereinafter referred to as "Avondale"), alleging that he contracted lung cancer as a result of exposure to asbestos. Plaintiff alleges that he was exposed to asbestos from Avondale shipyards in two ways. First, Plaintiff's father worked at Avondale shipyard and wore his asbestos-contaminated clothes home. Second, Plaintiff worked for two summers at Avondale shipyard. Plaintiff and his father performed work at Avondale

1

pursuant to contracts between Avondale and the United States government for the construction of vessels. These contracts included requirements that Avondale use asbestos-containing materials. Plaintiff claims that Avondale failed to warn him of the dangers of asbestos or provide him or his father with adequate safety equipment or procedures.

On July 19, 2019, Defendant Avondale removed Plaintiff's suit to this Court, asserting jurisdiction under 28 U.S.C. § 1442(a)(1) (the "Federal Officer Removal Statute"). This Court granted Plaintiff's motion for remand back to state court, holding that Avondale could not establish the requisite causal nexus between its actions under color of federal office and the plaintiff's claims required for removal under the Federal Officer Removal Statute.

After this matter was remanded, however, the Fifth Circuit issued its *en banc* opinion in *Latiolais v. Huntington Ingalls, Inc.*, in which it overturned the court's prior "causal nexus" jurisprudence and adopted a broader "relating to" test.[1] In response to this change in the law, Avondale removed the case to this Court for a second time. Plaintiff again moves for remand arguing (1) that Defendant's removal was untimely and (2) that this Court lacks jurisdiction under the Federal Officer Removal Statute.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "that federal jurisdiction exists and that

---

[1] 951 F.3d 286, 296 (5th Cir. 2020).
[2] 28 U.S.C. § 1441.

2

removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[4] Pursuant to 28 U.S.C. § 1446, a notice of removal must be filed within 30 days of the receipt by the defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[5]

## LAW AND ANALYSIS

### A. Timeliness

First, Plaintiff argues that removal is untimely because the *Latiolais* decision does not constitute an "order" or "other paper" under § 1446. Plaintiff is correct that decisions in unrelated cases generally do not constitute "orders" under § 1446.[6] However, Avondale argues that an exception to this rule espoused by the Fifth Circuit in *Green v. R.J. Reynolds Tobacco Company* applies here.[7]

In *Green*, the Fifth Circuit held that an order in another case can be an "order" for purposes of removing a case under § 1446(b)(3) when the two cases

---

[3] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[4] *Manguno*, 276 F.3d at 723.
[5] 28 U.S.C. § 1446(b).
[6] Green v. R.J. Reynolds Tobacco Co., 274 F.3d 263, 266 (5th Cir. 2001).
[7] *Id.*

3

involve (1) the same defendants, (2) a similar factual situation, and (3) resolution of a similar legal issue that has the effect of making the case removable.[8] This case easily fits within the *Green* exception. Avondale was a defendant in *Latiolais* and here. Both cases involve negligence claims brought against Avondale for injuries allegedly caused by exposure to asbestos. "And, *Latiolais* resolved the legal question at issue here— the removability under the Federal Officer Removal Statute of cases involving asbestos-related negligence claims."[9] Therefore, the *en banc* decision in *Latiolais* easily satisfies the narrow *Green* exception and constitutes an "order" for purposes of removal under § 1446(b)(3).[10] Avondale's notice of removal was timely filed within 30 days of receipt of the Fifth Circuit's decision in *Latiolais*.

### B. Subject Matter Jurisdiction

In removing this case, Avondale argues that this Court has jurisdiction under 28 U.S.C. § 1442(a)(1)—the Federal Officer Removal Statute. Under the statute, an action commenced in state court "that is against or directed to . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) . . . for or relating to any act under color of such office . . . ." may be removed.[11] Although remand to state court generally is preferable

---

[8] *Id.* at 267–68.

[9] *Id.*

[10] Other courts in this district have reached the same conclusion. *See* Bourgeois v. Huntington Ingalls Inc., No. CV 20-1002, 2020 WL 2488026, at *4 (E.D. La. May 14, 2020); Broussard v. Huntington Ingalls, Inc., No. CV 20-836, 2020 WL 2744583, at *3 (E.D. La. May 27, 2020); Melvin H. Francis V. ITG Brands LLC, et al., No. CV 20-997, 2020 WL 2832538, at *3 (E.D. La. June 1, 2020); Hulin v. Huntington Ingalls, Inc., No. 20-924, 2020 WL 3072187, at *2 (E.D. La. June 10, 2020); Holmes v. Bossier, No. CV 20-880, 2020 WL 3482121, at *4 (E.D. La. June 26, 2020).

[11] 28 U.S.C. § 1442(a)(1).

when removal jurisdiction is questionable, courts must broadly construe the Federal Officer Removal Statute, interpreting it liberally to support federal jurisdiction when appropriate.[12] Nevertheless, the statute's scope is "not limitless."[13] To remove this matter pursuant to the Federal Officer Removal Statute under revised Fifth Circuit law, Avondale must now show: "(1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions."[14] The removing defendant must satisfy all four elements.[15] Thus, if any one element is lacking, remand to state court is justified.

Plaintiff argues only that Avondale cannot satisfy the colorable federal defense element required by the Federal Officer Removal Statute. "[A]n asserted federal defense is colorable unless it is immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous. Certainly, if a defense is plausible, it is colorable."[16] In its Notice of Removal, Avondale asserts three federal defenses to Plaintiff's claims: (1) government contractor immunity under *Boyle v. United Technologies Corp.*,[17] (2) derivative

---

[12] *See* Savoie v. Huntington Ingalls, Inc., 817 F.3d 457, 460–61 (5th Cir. 2016) (citing Watson v. Philip Morris Cos., 551 U.S. 142, 147 (2007)).
[13] *Watson*, 551 U.S. at 147.
[14] *Latiolais*, 951 F.3d at 296.
[15] *See* Legendre v. Huntington Ingalls, Inc., 885 F.3d 398, 400 (5th Cir. 2018).
[16] *Latiolais*, 951 F.3d at 296.
[17] 487 U.S. 500 (1988).

sovereign immunity under *Yearsley v. W.A. Ross Construction Co.*,[18] and (3) immunity under the Longshore and Harbor Workers' Compensation Act.

*Boyle* provides immunity to contractors for conduct that complies with the specifications of a federal contract.[19] Federal contractors are not liable for design defects if "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."[20] Plaintiff argues that Avondale failed to comply with government specifications. Specifically, he argues that Avondale cannot rely on *Boyle* because it failed to comply with the safety requirements of the of Walsh-Healey Act and other safety mandates in its use of asbestos-containing products. Avondale, however, presents evidence that it did in fact comply with those requirements. Accordingly, there is a factual issue that need not be decided at this stage.[21] A "federal contractor defense is adequate for jurisdictional purposes when the removing party's entitlement to it is subject to reasonable debate."[22] Accordingly, Avondale has presented at least one colorable federal defense.

### C. Waiver

Finally, Plaintiff argues that Avondale cannot remove this action because it waived its right to do so by filing an opposition to Plaintiff's Motion

---

[18] 309 U.S. 18 (1940).

[19] *Boyle*, 487 U.S. at 512.

[20] *Id.*

[21] Laurent v. City of New Orleans, No. 14-2022, 2014 WL 5410654, at *4 (E.D. La. Oct. 23, 2014) ("[A] motion to remand is not the proper mechanism by which to litigate a defendant's defense.").

[22] *Savoie*, 2017 WL 2391264, at *6 (internal citation omitted).

for Summary Judgment in state court. However, Avondale filed its opposition to Plaintiff's Motion for Summary Judgment in state court prior to the Fifth Circuit's decision in *Latiolais*—that is, prior to obtaining the right to remove the case. Therefore, Avondale's timely participation in the state court litigation cannot waive a right it did not yet have. This argument fails, and removal is proper.

## **CONCLUSION**

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 14th day of July, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**