# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENIS SCHEXNAYDER, JR. | CIVIL ACTION |
| VERSUS | NO: 20-775 |
| HUNTINGTON INGALLS INC. ET AL. | SECTION: "H" |

## ORDER

Before the Court is Defendants Albert Bossier, Jr. and Huntington Ingalls Inc.'s Notice of and Motion to Enforce Statutory Stay (Doc. 201). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

In this action, Plaintiff Denis Schexnayder, Jr. brings claims against multiple defendants arising out of his alleged asbestos exposure. On April 5, 2021, this Court received notice that one of the named defendants, Lamorak Insurance Company ("Lamorak"), had been placed into liquidation by the Pennsylvania Insurance Commissioner and that a Pennsylvania court had issued a stay as to all claims against Lamorak.[1] This Court thereafter issued an Order staying all proceedings against Lamorak.[2]

Now before the Court is Defendants Albert Bossier, Jr. and Huntington Ingalls Inc.'s (collectively "the Avondale Interests") Notice of and Motion to

---

[1] *See* Doc. 137-1. The Pennsylvania state court declared Bedivere Insurance Company insolvent. *See* Doc. 201-3 at 1. As Lamorak was merged with and into Bedevire, the Pennsylvania state court's Order of Liquidation applied equally to Lamorak. *See id.* at 8.
[2] Doc. 137.

1

Enforce Statutory Stay.³ In the Motion, the Avondale Interests assert that they are insureds of Lamorak and that, in accordance with Louisiana law, Lamorak's insolvency dictates the staying of all proceedings in this matter—not just those against Lamorak. Plaintiff opposes the Motion.

## LAW AND ANALYSIS

In their Motion, the Avondale Interests argue that this matter should be stayed in accordance with the Louisiana Insurance Guaranty Association Law ("LIGAL").⁴ The purpose of LIGAL, in relevant part, "is to provide for the payment of covered claims under certain insurance policies with a minimum delay and a minimum financial loss to claimants or policyholders due to the insolvency of an insurer."⁵ In conformity with this purpose, LIGAL creates the Louisiana Insurance Guaranty Association ("LIGA")—"a nonprofit, unincorporated creation of state law, designed to reinsure the obligations of insolvent insurers doing business in Louisiana."⁶ "Under the provisions of [LIGAL], when a claim is made against an insolvent insurer, LIGA steps into the shoes of the insolvent insurer."⁷ To allow LIGA "adequate opportunity to review claims against the failed insurance company and enter a timely defense,"⁸ Louisiana Revised Statute § 22:2068(A) provides:

> All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by

---

³ Since the filing of this Motion, Plaintiff has voluntarily dismissed his claims against Albert Bossier, Jr. *See* Doc. 211.
⁴ LA. REV. STAT. § 22:051, *et seq*.
⁵ LA. REV. STAT. § 22:2052.
⁶ Sifers v. Gen. Marine Catering Co., 892 F.2d 386, 388 (5th Cir.), *opinion modified on reh'g*, 897 F.2d 1288 (5th Cir. 1990).
⁷ Morris v. E. Baton Rouge Par. Sch. Bd., 826 So. 2d 46, 51 (La. App. 1 Cir. 2002).
⁸ Webb v. Blaylock, 590 So. 2d 643, 645 (La. App. 3 Cir. 1991), *writ denied*, 591 So. 2d 700 (La. 1992). *See* JAMES NORFLEET v. CBS CORPORATION., ET AL., No. CV 21-759, 2021 WL 2457141, at *2 (E.D. La. June 16, 2021).

2

the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action.

Here, the Avondale Interests argue that, in accordance with Louisiana Revised Statute § 22:2068(A), this matter should be stayed for at least six months from the date of Lamorak's insolvency, or until September 11, 2021, because an insolvent insurer—Lamorak—is both a party in this action and obligated to defend parties in this action—the Avondale Interests. In response, Plaintiff argues that, because § 22:2068(A) is procedural and not substantive, this Court is not bound to apply the statute in its application of the *Erie* doctrine.[9]

As a preliminary matter, the Court notes that many other sections of the Eastern District of Louisiana have already analyzed the effect that Lamorak's insolvency should have upon their respective proceedings.[10] Of these cases, this Court finds the analyses in *Gooding v. Liberty Mutual Insurance Company* and *Cortez v. Lamorak Insurance Co.* particularly noteworthy.[11] In both *Gooding* and *Cortez*, the court declined to directly address whether it was bound by Louisiana Revised Statute § 22:2068(A) and instead looked to the purpose of the statute while exercising its inherent discretion to stay all proceedings in the case.[12] Finding these cases instructive, this Court too now invokes its

---

[9] *See* Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Ctr. for Humans., Inc., 518 U.S. 415, 427 (1996).
[10] *See* Doc. 182, Broussard v. Huntington Ingalls, Inc. et al., No. 2:20-cv-00836-MVL-MBN (E.D. La. 5/25/21) (Lemmon, J) (granting stay); Doc. 68, Waguespack v. Avondale Industries, et al., No. 2:20-cv-01986-JCZ-DPC (Zainey, J) (granting stay); Gooding v. Liberty Mut. Ins. Co., No. CV 20-1133, 2021 WL 2002463 (E.D. La. May 19, 2021) (Brown, J) (granting stay); Cortez v. Lamorak Ins. Co., No. CV 20-2389, 2021 WL 2018073 (E.D. La. May 20, 2021) (Vance, J) (granting stay).
[11] *See Gooding*, 2021 WL 2002463 (Brown, J) (granting Lamorak's Motion to Stay and denying Plaintiff's Motion to Sever Claims Against Lamorak); *Cortez*, 2021 WL 2018073, at *3–4 (Vance, J) (grating Lamorak's Motion to Stay and invoking the court's "inherent power to stay a proceeding" to stay the matter as to all parties).
[12] *See id*.

discretionary authority to stay cases and finds that a brief stay of all claims is proper.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[13] However, a court's discretion to stay proceedings is "not 'unbounded.'"[14] Rather, the Supreme Court in *Landis v. North American Co.* has instructed courts to "weigh competing interests and maintain an even balance."[15] In accordance with *Landis*, courts within the Eastern District of Louisiana have considered the following factors: "(1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy."[16]

Here, the Court finds that the balance of factors weigh in favor of granting the requested six-month stay. First, in considering the hardship to the moving parties, the Court notes that Lamorak was providing defense to the Avondale Interests and other defendants in this matter.[17] As the pretrial conference and trial in this matter are currently set for August 12, 2021 and September 13, 2021, respectively, the Court finds that declining the requested stay would prejudice LIGA and the Lamorak-insured parties in their ability to

---

[13] Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).
[14] In re Beebe, 56 F.3d 1384 (5th Cir. 1995) (quoting Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 545 (5th Cir. 1983)).
[15] *Id.* at 254–55.
[16] *See* Cortez v. Lamorak Ins. Co., No. CV 20-2389, 2021 WL 2018073, at *1 (E.D. La. May 20, 2021) (citing Maples v. Donzinger, No. 13-223, 2014 WL 688965, at *2 (E.D. La. Feb. 21, 2014); Strong ex rel. Tidewater, Inc. v. Taylor, No. 11-392, 2013 WL 81889, at *2 (E.D. La. Mar. 5, 2013); Collins v. Angiodynamics, Inc., No. 13-5431, 2013 WL 5781708, at *2 (E.D. La. Oct. 15, 2013)).
[17] These "other defendants" are the McCarty Corporation ("McCarty") and Eagle, Inc. ("Eagle"). McCarty and Eagle have filed a separate Motion to Enforce Stay in this matter on the same grounds. The McCarty and Eagle Motion, however, is not yet under submission. *See* Doc. 210.

adequately and timely prepare their defenses. As to the second factor, Plaintiff argues that he would be prejudiced in "how long he will have to await justice."[18] Although Plaintiff's concern is legitimate, the Court does not find the proposed stay unduly burdensome—particularly in light of the number of parties in this matter impacted by Lamork's insolvency. As to the third factor, the Court finds that staying the matter as to some, but not all, of the defendants would result in duplicative work for both the parties and the Court.[19] Accordingly, it is in the interest of judicial efficiency to stay all proceedings in this case.

In sum, this Court finds that the Avondale Interests have sufficiently demonstrated the need for a brief stay in this matter. Moreover, the Court finds that such a stay is in line with Fifth Circuit precedent cautioning courts from interfering in state law regulatory schemes governing insurance companies and related insolvencies.[20]

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is hereby **STAYED AND ADMINISTRATIVELY CLOSED** until September 12, 2021.

**IT IS FURTHER ORDERED** that a telephone status conference is **SET** for September 16, 2021 at 1:00 p.m.

---

[18] Doc. 20-775.
[19] *See Gooding,* 2021 WL 2002463, at *6 (declining to sever claims against Lamorak as doing so would run the risk of inconsistent jury verdicts and increased cost).
[20] *See* Clark v. Fitzgibbons, 105 F.3d 1049, 1052 (5th Cir. 1997) ("Federal law consigns to the states the primary responsibility for regulating the insurance industry."); Anshutz v. J. Ray McDermott Co., 642 F.2d 94, 95 (5th Cir. 1981) ("Recognition by this Court of the effectuation of the liquidation of this insurance company by the State of Illinois is in accordance with federal policy which directs that the control over the insurance business remain in the hands of the states.").

New Orleans, Louisiana this 30th day of June, 2021.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**